O'Neill, we'll hear from you. May it please the court. The district court enhanced Mr. Ordunez's sentence determining that he was a career offender. I'll focus the bulk of my argument today, unless I'm directed otherwise by the court, on one of the convictions that the district court found qualified, namely his 2008 conviction for committing child abuse under New Mexico law, which the district court found qualified as a crime of violence under 4B1.2's element clause. Ordunez believes that was error. The district court, the crime that Mr. Ordunez was convicted of was New Mexico statute 36-1D2 and E. That statute makes it a crime and defines abuse as a crime. Let me ask you a threshold question, because you said you're mainly going to focus on one count. But don't you need to do both counts to prevail? I do need to prevail on child abuse and aggravated assault with a deadly weapon, or the marijuana count. I will address the aggravated assault with a deadly weapon count, but spend substantial time on it, because I don't believe the government's contesting that that's a crime of violence. That's just the reason for the time allocation. But returning to the New Mexico statute. But you also have the marijuana count.  And I'll address that briefly if time permits. You need to defeat both of those counts. I need to defeat two of the three, I'm sorry. OK, fair enough. Yes. The New Mexico statute defines child abuse as abuse of a child consists of a person knowingly, intentionally, or negligently, and without justifiable cause, causing or permitting a child to be tortured, cruelly confined, or cruelly punished. Mr. Ordunez was found, was charged with the first degree felony aspect of this offense, because that behavior resulted in great bodily harm to a child. Mr. Ordunez argues for two reasons that that statute is not a crime of violence. First, because the statute can be committed recklessly or negligently, or at least it could be committed that way. When he was convicted of it in 2008, that law changed in 2014 with a shift in the New Mexico law. This conviction was for attempt. This conviction was for attempt, Your Honor. What's the mens rea for what he was convicted on? So the government argues that Herrera says that attempt means that it had to be intentional or knowing. The Herrera court, though, noted that like in Mr. Ordunez's case, that person pled down from first degree child abuse to a second degree child abuse, meaning it was attempt. And the court in Herrera specifically said when the defendant, in the context of a plea bargain, enters a plea to a lesser offense that is reasonably related to the more serious charged offense, courts from other jurisdictions have determined that the factual basis may support a finding that the defendant is guilty of either crime charged or the crime which is the subject of the plea. So the argument that he was convicted of attempt does not narrow the world in which we're looking, does not narrow the range of acts that we're looking to see whether there is an act included that does not include the use, attempted use, or threatened use of force. Rather, it expands it. So what the conviction, in light of the charging document, tells us is that he could have been convicted of knowingly, intentionally, recklessly, or negligently torturing, cruelly confining, or cruelly punishing, or attempting to knowingly or intentionally do those things. So even assuming the attempt crime for which he was convicted, for which he pled, or pled, right? In any event, for which he was convicted, even assuming or stipulating that that is a aggravated offense, crime of violence, we still don't enhance. I'm sorry? Even assuming, then, that the attempt crime is a crime of violence, your argument is we still could not enhance based on that? Based on the higher offense. So even if it, yes, even if it is a crime of violence for somebody to attempt, even if, so if someone got prosecuted for, in an independent account, for attempting to commit child abuse, and got convicted of that crime, then you could determine, if you reject another one of my arguments, that that was a crime of violence. But because he was charged with the completed offense and pleaded down to the attempt offense, the answer to your question is, yes, you wouldn't find here that he was convicted of attempt, that his conviction of attempt showed that he committed a crime of violence. And you're saying that's required by Herrera? Yes, sir. Because Herrera tells us that when you plead down a factual basis, the facts of what you did can satisfy either the statute you're pleading down to, or the statute that you were charged with. So here, Ordunas could have pleaded, or indeed, plead down to the second degree attempt version of the offense. But the factual basis constituting what he did could satisfy either the crime he pleaded down to,  charged with, which is not a crime of violence, because it includes recklessness in violation of Ordun. The second reason I would argue, or the second reason I will argue, sorry, that attempt to commit the offense is not a crime of violence is because in New Mexico, it has not been found, Herrera does not establish what the government seeks to establish, which is that an attempt can't be committed recklessly or knowingly. In fact, in New Mexico, people have been convicted of attempting to negligently commit child abuse. The specific example cited in the 28J letter from the defense is State versus Yazzie. There, a person challenged twice whether their conviction in New Mexico for attempting to commit negligent child abuse was a possible offense to be convicted of. The court both times declined to engage in that argument. The first, because there was a suppression issue. The second, because there was an appeal waiver. And for those reasons, even the attempt crime would not be a crime of violence. But Refresh my recollection to go back up to the Herrera point. Herrera's, I want to make sure I know which case you're referring to. That's the New Mexico Supreme Court case? It's a New Mexico Court of Appeals case. I'm sorry, New Mexico appellate case about basically about how to analyze New Mexico state law crimes. It's a defendant challenging his conviction because he was convicted pretty much exactly of what Ordunoz was convicted of. So it's not about the proper interpretation of our US sentencing guidelines. Correct. Correct. The second reason why, even if the government's argument is correct, that this is not a crime of violence is because after Borden, it includes conduct that does not involve a substantial degree of force directed at the person of another. The reason it does not include that is because it allows a person to be punished for permitting a child to be tortured, cruelly confined, or cruelly punished, and because it punishes cruel confinement. This court held in United States versus Torres-Reyes that that definition was overly broad to be considered a crime of violence. Torres-Reyes, of course, was called into question by this court's subsequent opinions. Specifically, it relied on Calderon-Pena, which was vacated in part by Reyes-Contreras. But post-Borden, Reyes-Contreras seems to be in question, or at least substantial portions of Reyes-Contreras seems to be in question. And it seems fairly clear that a person standing by while their spouse tortures, cruelly confines, or cruelly punishes their child does not rise to the substantial degree of force that is talked about in Borden, where you have to direct the force at the person of another. And here, under the New Mexico statute, the New Mexico Supreme Court writes that the reason why they write the statute so broadly is so that they can make sure that they capture anyone who is complicit in this child abuse. So New Mexico has made a decision to ensure that its child abuse statute covers a wide range of conduct. But the Supreme Court has told us that the career offender enhancement should only apply to a narrow class of violent conduct, and the New Mexico statute exceeds that. Moving to the New Mexico aggravated assault conviction. Before we move off of this, I want to talk about the standard of review. Yes, Your Honor. I'm trying to understand where exactly the district court addressed the categorical approach at sentencing. The district court adopted the pretrial services report response to the defendant's objection that it was not a crime of violence. It specifically said that the felonies weren't, quote, aggravated. So the written objection to the PSR says, well, I object to the categorization of these felonies. Then when pressed at sentencing, the question is, are they aggravated? And there's a whole colloquy about that. And the defendant effectively, I'm not sure if you were the counsel below, so I don't mean to tell me if you were there and you know I'm not. I wasn't. OK, so perhaps I'm misunderstanding the record. But it looks like the defense effectively concedes that they're pretty aggravated, which obviously is a common sense proposition. But we never get into the concept of how do we apply Taylor and categorical approach to these things. There's not a substantive discussion of the law that I'm engaging in now that's accurate, Your Honor. So I assume you would agree then that this is subject to plain error. Your Honor, my argument is that Mr. Ordonez, with the written objection, said exactly. Finally, Mr. Ordonez objects to the classification of the felonies in paragraphs 19b and 19c. Mr. Ordonez asserts these felonies should not be classified as violent felonies. That's record 221. That apparently gave the district court sufficient notice to analyze the issue. The court did analyze that issue and did respond, not with this in-depth of analysis, but it responded that both crimes have qualified it under the enumerated clause of 4b1.2a. And then at sentencing, I agree with you. It was not urged in the way it should have been. But the attorney specifically requested to persist in his written objection. The district court specifically allowed him to do so. So I would argue that it's a de novo review. Even if it is plain error review, I think Borden now being the law means that we meet the plain error review standard. Thank you. Moving on to the aggravated assault with a deadly weapon statute. That statute is also not a crime of violence under the elements clause. Aggravated assault, this court, well, this court has previously held, can be committed in two ways in New Mexico. The aggravated assault statute obviously requires that someone commit the underlying assault. An underlying assault can be committed with a battery upon another person or an unlawful act, threat, or menacing conduct, which causes another person to reasonably believe that he is in danger of receiving an immediate battery. The New Mexico courts have specifically held that that statute does not require a connection between the defendant and his intended effect on the victim. Because it does not require that connection, it is not a crime of violence in the way that Borden requires the directed force to be applied. The government agrees with this reading. Also, because it does not require that link between the victim and the, or the defendant and the intended harm on the victim, it does not meet the general, the generic definition of aggravated assault, which would be, which the district court also found was sufficient to determine that it was a crime of violence. So for those two reasons, the district court erred in determining that the aggravated assault with a deadly weapon conviction was a crime of violence under 4B1.2. I'll briefly address the marijuana argument. Of course, this court has, I believe, three times in unpublished opinions found that this argument was not plain error. I do concede that the marijuana argument  but briefly, Mr. Ordonez's conviction for, I believe it was conspiracy to possess with intent to distribute marijuana was not a controlled substances offense because at the time, the Controlled Substances Act included in its definition marijuana of any level of THC. It's since been amended to eliminate lower levels of THC. That amendment has the effect of changing the definition of a controlled substances offense under 4B1.2 to exclude Mr. Ordonez's conviction because we don't know that it involved the type of- You would acknowledge that it was certainly a controlled substances offense at the time of the conviction. Yes, Your point is it wasn't at the time of the enhancement. Yes, Your Honor. Why should we be governed by the second timeframe rather than the first? Because we look, because the definition of a controlled substances offense is defined by the guideline in place at the time of sentencing and at the time of sentencing, and it takes that definition from the Controlled Substances Act. And so that we should, we rely on the definition of what it means at the time of sentencing. We rely on the definition from the guideline. There are no further questions. Thank you for your time. Thank you. You've reserved time for rebuttal. Mr. Fowler. May it please the court. Charles Fowler for the United States. And like Mr. O'Neill, I will focus most of my time, I think, on the attempted child abuse conviction. Attempted child abuse resulting in great bodily harm is a guidelines crime of violence for three reasons.  requires specific intent and the state of the law requires specific intent. And therefore, the crime of conviction here could not have rested on a reckless form of child abuse. Second, under the Supreme Court's decision in Castleman, and this court's en banc decision in Reyes-Contreras, a crime that has as an element great bodily harm necessarily requires physical force. And third, because the completed crime of child abuse resulting in great bodily harm always requires physical force, an attempt to commit that crime necessarily constitutes an attempt to use force, which distinguishes the Supreme Court's recent decision in Taylor. So I'll start with the attempt aspect. This is the issue that I think is the focus of the party's, the defendant's opening brief and then the government's brief, which is whether this board-in-holding on recklessness defeats categorizing this conviction as a crime of violence. Before you get into the substantive issues, can you address opponents' arguments on the standard of review? Yes, Your Honor. And I think this court's 2012 decision in Chavez-Hernandez, which is cited in the government's brief, is directly on point here. That court is dealing with the exact type of objection here, which is the objection to categorizing something as a guidelines crime of violence. The court said, you know, everyone in the government, defense counsel, the court, we're all aware of the difficulty in applying these issues, so we are going to demand a fairly specific objection in order to consider that preserved. In this case, the objection, as the probation officer actually himself noted, the objection was simply, these aren't crimes of violence, one sentence. That was the written objection. As Judge Oldham pointed out, at sentencing then, the defense lawyer comes in and says, I can't go forward really with these objections because I've gotten the records from New Mexico and I haven't found anything suggesting these crimes were not aggravated. What I read that to mean is he hoped, he'd find in the New Mexico records, that the aggravator for great bodily harm was not in fact part of the conviction as the probation officer thought. That's the only, I think that's the only way to read that. And therefore, he was sort of formally, he asked the court if he could kind of formally leave his objection in place, but really, in substance, withdrew that objection. And so, I think at best, really given the affirmatively withdrawing the objection, saying I can't go forward, you could say that's a waiver, but at best, I think it's a forfeiture resulting in plain error review. On the question of mens rea, I think it's pretty clear that in State versus Herrera, the New Mexico Court of Appeals case, the court said, look, you can really only have a attempted child abuse resting on an intentional form of the crime. The argument that Mr. O'Neill just advanced that somehow you can ignore the fact that this was pled down from a completed child abuse resulting in harm to an attempt in a plea agreement, for one thing, I would say it's a new argument. I haven't seen that in the reply brief for a 28J. So, I'm not sure it's properly before the court, but regardless of that, I think it invites the court to essentially ignore the basic precepts of the categorical approach, which would be, of course,  I think it focuses on, it's- I think his idea is you apply the categorical approach, but you take into account both the charge defense and the pled offense. I guess the question is, is that the right way to analyze the sentencing guidelines? I don't think that's right. I think that if that's the case under New Mexico law, it would be a quirk of New Mexico procedure. It would be a sort of an artifact of New Mexico criminal procedure, and I think- That seems to be the problem, is Herrera is obviously not a USSG case. Exactly. The question is, so it's obviously not binding. It doesn't establish plain error. The question is, is that so plainly the correct approach to the USSG? I think it's certainly not plainly the correct approach. This court's precedents typically demand something directly on point in order to find plain error, and I don't think this sort of novel argument, and I really, I would push back a little bit as well on the notion that the argument doesn't require ignoring, even if the argument basically is you consider both the crime of conviction and the original charge, the reason, to the extent that's correct under New Mexico law, the reason is because the two crimes, the charge and then the conviction, share a factual basis, and I think that's- Would you acknowledge, though, that it's at least sort of quirky, if not perverse, to say the offense for which the prosecution charged you would not have gotten you the enhancement, and yet you pleaded down, presumably, to get leniency, and the result is actually the opposite? That is odd, isn't it? It is a little odd, Your Honor, and all I would say to that is that the categorical approach produces a lot of odd results, and it's, I mean, that's just the reality of the categorical approach, and it would be, I think, the very reason the Supreme Court has persisted in it is that it would be even odder, perhaps, to start trying to look, start trying to consider quirks of state law and the particular facts of cases, and so- We'll kick the devil we know. I'm sorry? Kick the devil we know. I think that's basically the answer. Turning then to the question of whether the crime of conviction here requires physical force, this statute includes an aggravator that was part of both the charge and the conviction here for child abuse resulting in great bodily harm. Nobody disputes that that was an element under the categorical approach, under the modified categorical approach. That's a proper element here, and for that reason, I think Reyes-Contreras clearly resolves this issue by eliminating the distinction between direct and indirect force, eliminating any requirement of bodily contact, and eliminating the distinction between causation of injury on the one hand and physical force on the other hand, so I think all of the arguments that this statute might not require force, at least in the case of a resulting, or at least an attempt to result in great bodily harm, you have, as the Supreme Court has described it in Castleman, the employment of concrete bodies to cause force, and so that is met. I'll address briefly the notion that Mr. O'Neill mentioned that perhaps this Court's en banc decision in Reyes-Contreras was called into question by Borden. As we note in our 28J letter, I do think there is an abrogation in part of Reyes-Contreras by Borden, but I think it's very limited. There's a discussion in Reyes-Contreras where basically the Court says, it looks to the Voicine case, the Supreme Court case dealing with misdemeanor crimes of domestic violence, and says, we believe that in Voicine, the Supreme Court said recklessness is enough, and therefore we are overruling our cases that say intent is required for a crime to qualify as a crime of violence. Of course, Borden then came along and said, well, we only meant that in the context of domestic violence misdemeanors. Recklessness is not enough in the context of crimes of violence, or actually, he was talking about the Armed Career Criminal Act, but that's a pretty limited discussion in Reyes-Contreras. I think it's sort of its own little capsule talking about mens rea and all of the holdings in Reyes-Contreras that the government relies on here, the elimination of the distinction between direct and indirect force, for example, rest on castle men, and not Voicine, and therefore are still good law. This court, I didn't file a 28-J, because it was unpublished, but as recently as a couple of, very recently, since Borden and an unpublished decision, this court has continued to cite Reyes-Contreras on the point that it's abolished the distinction between direct and indirect force. Turning then to the defense 28-J letter on Taylor, I wanted to briefly address Taylor and its potential effect. Taylor held that Hobbs Act attempted robbery is not a crime of violence. That holding is distinguishable, because the reasoning of that opinion was basically, because Hobbs Act robbery can either be committed by force or by threatening force. The attempt can be committed by an unsuccessful attempt to threaten force, and that does not categorically meet the definition of a crime of violence. The government's position on this particular crime is that, for the reasons I just explained, castle men, Reyes-Contreras, the completed child abuse resulting in great bodily harm offense always requires physical force, and when a crime always requires physical force, the attempt is necessarily an attempted use of force. My 28-J letter cites the 11th Circuit's recent decision in Alvarado-Linares, which adopts that reasoning spot on in the context of murder, but all the points the court makes there are just as persuasive. I will briefly touch on, if the court has no more questions about the child abuse conviction, I will briefly mention as to the marijuana conviction. This court has now four times held that it's not plain error to count a pre-2018 conviction. This issue has spawned a deep and kind of confusing circuit split at this point, but at least the Third, Sixth, and Eighth Circuits have said that you look to whether a substance was controlled at the time of the original conviction, not the later federal sentencing. At the very least, it could not have been plain error, as the defense concedes with respect to this conviction is the correct standard of review, and unless the court has further questions, I will give back the rest of my time. Thank you. Mr. O'Neill, you've reserved five minutes. Under the modified categorical approach, this court looks at the Shepard documents, including the indictment and the plea documents to determine whether the defendant's prior conviction has as an element the use of violent force or not. Here, you can look to the indictment and the judgment. They make clear that Mr. Ordunoz was originally charged with the completed offense of child abuse, and that he pleaded down to attempted child abuse. Herrera, the court that the government cites and relies on, says that that conviction can be satisfied by, that conviction can include and can be satisfied for a factual basis that includes reckless and negligent conduct, because a plea down can be satisfied by either the elements of the completed offense that was originally charged, or by the elements of the attempt charge that is pleaded down to. Can I ask you a question about that? I don't have the New Mexico judgment in front of me, I just have the PSR. Yes, sir. So, the PSR says that the judgment says, attempt to commit felony to wit, child abuse intentional, resulting in great bodily harm. So, I assume you have the New Mexico judgment. Yes, Your Honor, and I thank you for asking the question. If you're kind of a long way, you gave me time to pull it up. So, this came in the supplement that was filed by the defense. It's record 299 now. It says, the defendant was convicted of child abuse intentional, resulting in great, oh, I'm sorry, that's probably not the right one to read. Sorry. Yeah, here we go. This is the, sorry, this document's called Repeat Offender Plea and Disposition Agreement. It's record 301. It says, the defendant agrees to plead, pleading no contest to the following offenses. Attempt to commit a felony to wit, child abuse intentional, resulting in great bodily harm, a second degree, scrivener's error, felony, second degree felony, contrary to 30-06-01-D, occurring on or about March 14th, 2006, as charged as an included offense in the grand jury indictment. So, even the judgment here is referring to the indictment and saying, this is a lesser included offense of the charge that was in the indictment, which makes it very clear that this is precisely what they were encountering in Herrera, where the person pleaded down, and the court in the New Mexico court in Herrera said that the second degree attempt to commit a felony can be satisfied by the elements of the complete offense. But if he pleads to attempted child abuse intentional, obviously, I don't wanna put a pin in the government's argument of resulting in great bodily harm, because that's a whole nother obstacle for you. But just that word, he says attempted intentional, and then I go and I try to figure out how that maps on to 30-06-01-D. Why is the divisibility of the statute not say, abuse of a child consists of a person intentionally and without justifiable cause, causing or permitting a child to be tortured, cruelly confined, or cruelly punished? You see how I divided it? I just took out. I was trying to follow, but I assume you just, that intentionality is. Is then distributed to the other three crimes, because that's what he pled to. Correct. I don't think that this statute is divisible in that way. First on this course, recent decision in Garrett, the structure of the statute is, the men's reya are listed in commas, and then the individual elements are blocked out. And I'd also argue that the decision in Torres-Reyes, which I think relied on the decision interpreting the Texas law, also indicates that the way you interpret this statute is that you divide it into three, not into, I think the proposed division would be like 20. Nine, yeah, 12, yeah. If you look at all the different permutations. So I think the cleanest division is to look at the structure of the statute. If you look at the statute, it's D, and then there are three subdivisions. I think that's the way it's divisible, and it's not divisible within. So the statute ends up being, abuse of a child consists of, per person, knowingly, intentionally, or negligently, and then causing or permitting to be caused, and then the torture. So the fact that he says, I attempted to do it intentionally, is irrelevant, just like we ignore the fact that he, in fact, beat up a one-year-old. We ignore both of those the same way. Yes, we look at what the conviction necessarily says, even though the indictment provides some background information, that's not what we do under the modified categorical approach. Thank you. Thank you. Thank you. We have your case.